AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

United States of America
v.

LINDA MATSON

*Defendant*

Case No. **4:21CR654 SEP/NAB**

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* LINDA MATSON

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 USC 1349 - Conspiracy to Defraud
18 USC 1028(a)(7) - Identity Theft

ROR

Date: 11/24/2021

*Issuing officer's signature*

City and state: St. Louis, Missouri

GREGORY LINHARES, Clerk of Court
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

AUSA: Tracy L. Berry

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21-CR-00654 SEP NAB |
| LINDA MATSON, | ) ) ) | |
| Defendants. | ) ) | |

## INDICTMENT

The Grand Jury Charges:

### COUNT 1

(Conspiracy to Defraud)

**A. The Conspiracy to Defraud**

1. Beginning on or about May 4, 2020 and continuing to on or about September 23, 2020, in the Eastern District of Missouri and elsewhere, the defendant,

**LINDA MATSON,**

did unlawfully, willfully, and knowingly combine, conspire, and agree with persons known and unknown to the Grand Jury to commit the following offenses against the United States:

    a. with the intent to defraud, willfully participate in, with knowledge of its fraudulent

        nature, a scheme and artifice to defraud and obtain money by materially false and

1

fraudulent pretenses, representations, and promises, and for the purpose of executing or attempting to execute the scheme and artifice to defraud and obtain money, knowingly cause to be delivered materials by mail, in violation of Title 18, United States Code, Section 1341.

B. **Object of the Conspiracy**

2. The object of the conspiracy was for the defendant and persons known and unknown to the Grand Jury to achieve a common goal, that is: to profit from a scheme to deceive individuals into mailing and electronically transmitting funds to aid in the purported recovery of a portfolio valued in excess of $20,000,000.

C. **Manner and Means**

3. In furtherance of and to affect the object of the conspiracy to execute a scheme to defraud, one or more of the co-conspirators committed and caused to be committed one or more of the following overt acts in furtherance of the scheme to defraud in the Eastern District of Missouri and elsewhere:

    a. On or about February 8, 2020, B.S. and T.H. induced B.M. to fraudulently open rental Post Office Box 34096, St. Louis, Missouri 63134 through the submission of a materially false, fictitious, and fraudulent statement to the United States Postal Service through PS Form 1093, Application for Post Office Box Service;

b. On a date prior to February 28, 2020, persons known and unknown to the Grand Jury stole the identity of a United States Army General, J.D., and convinced Defendant that she was involved in a romantic relationship with General J.D.;

c. Between on or about February 28, 2020 and continuing to on or about May 4, 2020, persons known and unknown to the Grand Jury persuaded Defendant to mail Priority Mail Express packages through the United States Postal Service to Post Office Box 34096, St. Louis, Missouri 63134 from the State of Ohio. The packages contained approximately $300,000 in currency and were intended to help General J.D. recover a fictitious portfolio valued at $20,000,000;

d. On or about May 5, 2020, persons known and unknown to the Grand Jury instructed women whose funds had been seized by Postal authorities during their delivery to Post Office Box 34096 to by Postal contacted women who had utilized Post Office en who had been persuaded to recover the seized packages and forward them to post office boxes in Cheltenham, Maryland, Brooklyn Park, Minnesota, and other municipalities;

e. On or about May 7, 2020, after law enforcement agents advised Defendant that she was a victim of a romance scam and that General J.D. was not the beneficiary of the funds she was mailing to St. Louis, Missouri, Defendant sent a text message to a United States Postal Inspector in St. Louis, Missouri that she would not send any more money through the Postal Service and any other means:

3

f. On or about May 7, 2020, Defendant sent a series of text messages and internet links to the United States Postal Inspector referencing episodes of the Dr. Phil television show that discussed romance scams and their victims;

g. Between on or about May 10, 2020 and continuing to on or about August 3, 2020, Defendant and persons known and unknown to the Grand Jury fraudulently persuaded J.J., D.L., and T.L. to loan her money and make investments totaling more than $590,000 that would be used to: secure General J.D.'s portfolio from the United States Customs Service; pay taxes and fees associated with her winning the Mexican lottery; and finance General J.D.'s return from a military assignment overseas;

h. On or about May 18, 2020, Defendant sent text messages to a United States Postal Inspector located in St. Louis, Missouri falsely claiming that she needed an expedited return of funds seized from persons known and unknown to the Grand Jury to assist in the return of her missing niece M.B., when in truth and fact, Defendant intended to use any funds obtained to further her relationship with the individual she believed to be General J.D.;

i. Between on or about May 26, 2020 and continuing to on or about September 14, 2020, Defendant falsely advised D.L. and T.L. that: she had met General J.D. in person on multiple occasions, General J.D. had a portfolio valued between $20,000,000 and $100,000,000, Defendant conducted transactions on behalf of General J.D. and his representative directly with the United States Customs Service;

4

j. On or about June 8, 2020, Defendant telephoned D.L. in Oklahoma and offered D.L. General J.D.'s fictitious Florida residence as collateral for a second $100,000 loan;

k. On or about June 15, 2020, T.L. electronically transferred $20,000 into Defendant's financial account after receiving a request from Defendant for the funds;

l. On or about June 22, 2020, T.L. received a text message from Defendant's phone number from someone who identified themselves as General J.D. requesting an additional $50,000 in exchange for a promise to repay twice as much of the funds within two weeks;

m. On or about June 23, 2020, T.L. electronically transferred $50,000 to Defendant through her bank accounts.

n. On or about June 25, 2020, Defendant sent through the United States Postal Service and other means funds that she had obtained by means of fraudulent and false representations to J.J., D.L., and T.L. from Dayton, Ohio to a post office box located in Brooklyn Park, Minnesota.

o. On or about July 28, 2020, Defendant provided contact information for D.L. to persons known and unknown to the Grand Jury so that they could fraudulently obtain additional funds from D.L.;

p. On or about August 3, 2020, D.L. electronically transmitted $125,000 from a financial account in Florida to Defendant's financial account in Ohio relative to the instructions of Defendant and persons known and unknown to the Grand Jury;

5

q. On or about September 14, 2020, Defendant sent D.L. a message requesting the investment of an additional $100,000 to aid in the recovery of the fictitious portfolio; and

r. On or about September 25, 2020, D.L. received an email from a person unknown to the Grand Jury purporting to be General J.D. requesting the investment of an additional $100,000 to aid in the recovery of the fictitious portfolio.

In violation of Title 18, United States Code, Section 1349.

## COUNT 2

(Identity Theft)

On or about May 18, 2020, in the Eastern District of Missouri, the defendant,

**LINDA MATSON,**

in a matter affecting interstate commerce, knowingly used, without lawful authority, the means of identification of another, that being the name of M.B., with the intent to commit, and in connection to the crimes of: mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343, and making a false statement, in violation of Title 18, United States Code, Section 1001(a)(3), in that the defendant used the identity of an unrelated person, M.B., to perpetrate a scheme to defraud.

In violation of Title 18, United States Code, Section 1028(a)(7).

6

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1028(b)(5), upon conviction of an offense in violation of Title 18, United States Code, Section 1028 as set forth in Count 2, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation(s) and any personal property used or intended to be used to commit the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations set forth in Count 2.

3. If any of the property described above, as a result of any act or omission of the defendant(s):

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

                                                                          A TRUE BILL.

                                                                          _____
                                                                          FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney

8